UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

        Plaintiff,

      v.                                   19-CV-1385 (JLS)

GATTUSO & CIOTOLI, PLLC, et al.,

        Defendants.

---

## ORDER

*Pro se* Plaintiff Robert W. Johnson commenced this action on September 5, 2019, in the United States District Court for the Southern District of New York. Dkt. 2. Johnson also filed a request to proceed *in forma pauperis*. Dkt. 1. Without determining whether Johnson should be permitted to proceed *in forma pauperis*, the Southern District transferred the case to this district on October 3, 2019. Dkt. 3.

For the following reasons, Johnson is granted permission to proceed as a poor person, *see* 28 U.S.C. § 1915(a). Johnson's claims are dismissed under 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint as directed below.

## DISCUSSION

Because Johnson has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization, Dkt. 1, he is granted permission to proceed *in*

*forma pauperis.* Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court must screen this Complaint.

## I.    LEGAL STANDARDS

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a *pro se* civil action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (internal quotation marks omitted)).  But leave to amend pleadings may be denied when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also*

*Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in

*pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a [*pro se*] claim as

insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly

when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200

(2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements

of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73,

77-78 (2d Cir. 2004).

## II.   PLAINTIFF'S ALLEGATIONS

The Complaint is limited in detail and description of Johnson's claims.

Though Johnson names numerous individuals and entities as Defendants, his

"Statement of Claim" merely states the following:

> Plaintiff was employee of Applebees Corporation and was denied
> monetary awards for labor and judicial proceedings. Defendants
> committed insurance fraud, ineffective counsel & IRS Tax Fraud
> Crimes. Plaintiff reserves rights to punitive damages awards and all
> other federal & state remedies deemed just & proper.

Dkt. 2, at 2.  In other parts of the complaint, Johnson mentions civil rights

violations, labor law violations, U.S. Constitutional violations, and IRS and tax

fraud—but he fails to provide any specific facts as to these purported claims. *Id.* at

2-3.  His requested relief includes "$100 Trillion Dollars For Punitive Damages;

$100 Million For Future Punitive Damages; Federal Charges for Insurance Fraud

3

and Tax Fraud: Corporation Fraud RICO Act; 100% Ownership of Defendants

Assets & Corporations." Dkt. 2, at 3.

## III.   ANALYSIS

Upon screening this Complaint, the Court concludes that Johnson has failed

to state a claim upon which relief could be granted.

Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P.

8(a)(2). While this Court must construe the complaint liberally and accept all

factual allegations as true, legal conclusions are not afforded this presumption of

truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, a

plaintiff must provide the grounds upon which his claim rests through factual

allegations sufficient "to raise a right to relief above the speculative level." *ATSI*

*Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While detailed factual allegations are

not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As for allegations of fraud, a complaint must also comply with the additional

pleading requirements set forth in Federal Rule of Civil Procedure 9(b): "In alleging

fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a

person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Here, Johnson has not satisfied the pleading requirements of Rule 8 or Rule

9(b). His sole allegation that he was an employee of "Applebees Corporation" and

"was denied monetary awards for labor and judicial proceedings" fails to describe

the nature or basis of Johnson's purported claims—he has not alleged, for example,

that he was wrongfully terminated or not paid wages that were due, nor has he

provided any facts regarding his employment conditions, schedule, or compensation.

Johnson's conclusory statement that "Defendants committed insurance fraud,

ineffective counsel & IRS Tax Fraud Crimes" lacks any supporting facts and is

similarly insufficient.  Thus, Johnson's claims must be dismissed.  In light of his *pro

se* status, the Court grants Johnson leave to file an amended complaint in which he

alleges sufficient facts to state a claim for relief that satisfies the applicable

pleading standards.

## CONCLUSION

Because Johnson has met the statutory requirements of 28 U.S.C. § 1915(a),

his request to proceed *in forma pauperis* is granted.  For the reasons set forth above,

Johnson's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless he

files an amended complaint by **February 15, 2021,** in which he includes the

necessary allegations regarding his claims as directed above and in a manner that

complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Johnson is advised that an amended complaint is intended to **completely

replace** the prior complaint in the action.  "It is well established that an amended

complaint ordinarily supersedes the original and renders it of no legal effect." *Arce

v. Walker,* 139 F.3d 329, 332 n.4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco,*

556 F.2d 665, 668 (2d Cir. 1977).  Therefore, Johnson's amended complaint must

include the allegations against each of the Defendants, so that the amended complaint may stand alone as the sole complaint in this action which Defendants must answer.

Johnson is forewarned that if he fails to file an amended complaint as directed, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Johnson is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that Johnson's motion to proceed *in forma pauperis* (Dkt. 1) is granted;

FURTHER, that Johnson is granted leave to file an amended complaint as directed above by **February 15, 2021**;

FURTHER, that the Clerk of Court is directed to send to Johnson with this order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Johnson fails to file an amended complaint as directed above by **February 15, 2021**, the Complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the Complaint is dismissed because Johnson has failed to file an amended complaint by **February 15, 2021**, the Clerk of Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the Complaint is dismissed because Johnson has failed to file an amended complaint by **February 15, 2021**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      January 5, 2021
            Buffalo, New York

                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE